UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AMY ELIZABETH BURNS,        )
                            )
        Plaintiff            )
                            )
v.                          )        No. 2:11-cv-151-GZS
                            )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                            )
        Defendant            )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the residual functional capacity ("RFC") assigned to her by the administrative law judge was not supported by medical evidence, that the administrative law judge improperly interpreted raw medical evidence, and wrongly omitted from the RFC limitations due to a severe impairment of attention deficit hyperactivity disorder ("ADHD"). I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease with history of obesity (status post gastric bypass, October 2009),

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.2(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 16, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

affective disorder/depression, borderline personality disorder; and ADHD, impairments that were severe but which did not, considered separately or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 9; that she had the RFC to perform less than the full range of light work such that she could occasionally climb ramps and stairs but never ladders, ropes, or scaffolds, she could occasionally balance, stoop, kneel, crouch, and crawl, she could understand, remember, and carry out simple to moderately complex tasks, she could be around coworkers without interaction and could tolerate occasional and superficial contact not related to job performance, Finding 5, *id*. at 11-12; that she was unable to perform any past relevant work, Finding 6, *id*. at 14; that, given her age (30 at the time of alleged onset of disability), at least high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 15; and that, as a result, she had not been under a disability, as that term is defined in the Social Security Act, from the date of alleged onset of disability, September 1, 2007, through the date of the decision, December 14, 2010, Finding 11, *id*. at 16. The Decision Review Board selected the decision for review but did not complete its review in the time allowed, making it the final determination of the commissioner. 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as

adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Evidence to Support RFC

The plaintiff contends that the RFC created by the administrative law judge is not supported by "any medical opinion in the record." Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 7) at 2. She complains that the administrative law judge rejected an RFC provided by a treating psychiatrist and a report from a treating counselor and based the assigned RFC on treatment records. *Id*. at 3.

The administrative law judge stated that the treating psychiatrist's mental assessment was given "only partial weight" because it was "inconsistent with the overall record." Record at 13. More specifically,

> [w]hile the claimant has been a patient of Dr. Gold since 2005, her treatment has not been steady. The record shows that the claimant only saw Dr. Gold once in the 2-year period from November 2006 to October 2008 (Ex. 9F). Further, during this period and beyond, some of which was described as "difficult" due to financial stressors after the claimant lost her job, the overall record shows that the claimant did not require psychiatric treatment with Dr. Gold more than every 2 to 3 months, and the patient was predominantly reported with intact concentration, insight and judgment, as well as normal affect and no abnormality of thought processes (Ex. 20F). Moreover, the claimant was able to take part in

3

> vocational rehabilitation, had attended adult education classes, volunteered at an area animal shelter, took part in "job shadowing", while she also pursued and obtained bariatric surgery and became more physically active. While Ms. Burns did experience some depressive-symptom elevation, the record demonstrates that it was primarily when she was non-compliant with her medication (Exs. 12E, 9F, 20F). Also telling, on more than one occasion, Dr. Gold's treatment records cite the patient as upset because the doctor refused to fill out paperwork that would vouch for the claimant as "disabled" due to mental impairments (Ex. 9F).

*Id. See also id.* ("[T]reatment records from Dr. Gold frequently report ADHD symptoms as under good control with medications . . . and cite the claimant's concentration as 'intact' (Ex. 9F).").

With respect to the report of the counselor, the administrative law judge said:

> Jody DeRoche Cyr, L.C.S.W., began therapeutic counseling with the claimant in March 2009, and 6 months later, provided a report on her mental status, which the undersigned has given only limited weight. First, Ms. Cyr is not an acceptable medical source as defined by the Agency who is qualified to establish the existence of a medically determinable impairment (SSR 06-03p, 20 CFR §§ 404.1513(d) and 416.913(d)), and thus her statement to "consider bipolar disorder" is both unsubstantiated and beyond her expertise (Ex. 12F). Second, in light of other treatment records cited previously, and the vague therapy notes from Ms. Cyr, which primarily repeat the subjective claimant's reports, the undersigned finds the counselor's assessment not entirely reliable, and provides documentation of no more than moderate mental functional limitations (Exs. 11F, 21F, 22F).

*Id*. at 14.

The plaintiff does not appear to challenge the administrative law judge's evaluation of these reports and assessments. Rather, she contends that, given the "partial" or "limited" weight given to these documents, there is no medical basis for the administrative law judge's conclusions. She asserts that "the only medical sources pertaining to mental impairments [mentioned in the decision] are treatment records," Itemized Statement at 3, citing page 14 of the record.

4

The decision does state that the assigned RFC "is supported by the opinion of Dr. James Hall[,]" Record at 14, as well as many cited medical records. Dr. Hall is a state-agency physician who prepared a physical RFC statement dated November 13, 2009. *Id*. at 598-605. He assigns a light exertional capacity, *id*. at 599, which certainly supports the physical portion of the administrative law judge's RFC. However, it is the mental limitations that the plaintiff challenges on this basis. Itemized Statement at 3. The administrative law judge specifically noted that '[l]ittle weight has been accorded the psychological evaluations of State agency examiners . . . because new evidence received at the hearing level shows that the claimant is more limited than determined by the State agency consultants." Record at 14.

The administrative law judge relied on medical opinions in finding that the plaintiff had severe mental impairments. *Id*. at 9. However, there is no mention of these treating professionals' opinions when she discusses the basis for her RFC assignment. The administrative law judge did find earlier in her opinion that the plaintiff had moderate limitations or restrictions in activities of daily living and maintaining social functioning, with no limitations in concentration, persistence, or pace and no evidence of episodes of decompensation due to her mental impairments, *id*. at 10-11, but does not explain how these findings translate into the mental limitations included in her RFC.

The administrative law judge gives reasons for finding that there is no limitation on focus or concentration, and characterizes the plaintiff's claims of other mental limitations as "exaggerated and unsubstantiated." *Id*. at 13. She gives "partial" weight to the psychiatrist's conclusions and concludes that the counselor's assessment "provides documentation of no more than moderate mental functional limitations," *id*. at 13-14, but nowhere describes what portions or aspects of these reports led to the limitation to "simple to moderately complex tasks" and

5

being around coworkers only "without interaction" and with "occasional and superficial contact not related to job performance." *Id.* at 12. This translation is not the stuff of common sense, which would relieve the administrative law judge of the appearance of directly interpreting raw medical evidence. *See, e.g., Eshelman v. Astrue*, No. 06-107-B-W, 2007 WL 2021909, at *2 (D. Me. July 11, 2007), *aff'd* 2007 WL 2253420 (July 31, 2007).

At oral argument, counsel for the commissioner contended that this case is "very similar to" *Kresge v. Astrue*, Civil No. 09-248-B-W, 2010 WL 2024968 (D. Me. May 18, 2010), a curious reference given that *Kresge* rejected the argument made here by the commissioner, concluding that, in the admitted absence of medical evidence to support the RFC assigned by the administrative law judge, the commissioner could not rely on his "unchallenged credibility findings" about the claimant's testimony as sufficient support for the RFC. 2010 WL 2024968 at *7.

The plaintiff is entitled to remand on this basis.

### B. ADHD

The plaintiff also asserts that the administrative law judge's decision is "internally inconsistent" because it notes treatment records recording distractibility and trouble concentration as aspects of the plaintiff's ADHD, yet finds that ADHD is a severe impairment and does not include in the RFC any limitations on concentration. Itemized Statement at 4-5. I disagree.

Contrary to the plaintiff's suggestion, a finding of a severe impairment need not always result in limitations in an RFC. *See, e.g., Burkstrand v. Astrue*, 346 Fed.Appx. 177, 179-80, 2009 WL 2952177, at **1 (9th Cir. Sept. 15, 2009); *Hughes v. Astrue*, No. 1:09cv459, 2011 WL 4459097, at *10 (W.D.N.C. Sept. 26, 2011). That is particularly true where, as here, the

administrative law judge has noted that the plaintiff's treating psychiatrist "frequently report[ed] ADHD symptoms as under good control with medications . . . and cite the claimant's concentration as 'intact.'" Record at 13. In other words, the ADHD was a severe impairment but, once controlled by medication, did not impose significant limitations on the plaintiff's ability to perform work-related activities.

The plaintiff takes nothing by this argument.

## Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the cause **REMANDED** for further proceedings consistent herewith.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge